UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05119-RGK-AGR | Date | July 3, 2020 |
|---|---|---|---|
| Title | ***SANCHEZ v. FCA US, LLC*** | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Remanding Action to State Court

On May 6, 2020, Ana Sanchez ("Plaintiff") filed a Complaint against FCA US, LLC ("Defendant") alleging violations of the Song-Beverly Warranty Act arising from her purchase of a defective vehicle manufactured by Defendant.

On June 9, 2020, Defendant removed the action to federal court asserting jurisdiction on the basis of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court finds that it lacks subject matter jurisdiction and **REMANDS** the action to state court.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014). If the plaintiff contests or the court questions the defendant's allegation, the defendant must establish that the jurisdictional requirement has been met by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

In her Complaint, Plaintiff seeks damages, statutory remedies and civil penalties, as well as attorneys' fees and costs pursuant to the Song-Beverly Warranty Act. In support of its removal, Defendant states that, without considering attorneys' fees, Plaintiff seeks total damages and penalties of at least $119,164.71.

The Court disagrees. Defendant's conclusory statement does not satisfy the burden of showing by a preponderance of evidence that the amount in controversy has been met. Defendant bases its damages calculation on the "Actual Price" of the vehicle at issue, $43,576.16, which reflects the amount of credit extended to Plaintiff rather than the amount Plaintiff had paid to-date. (Proudfoot Decl. ¶¶ 9–11, ECF No. 4.) However, A plaintiff's recovery is limited to the actual payment amount to the seller. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002) ("Limiting . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05119-RGK-AGR | Date | July 3, 2020 |
|---|---|---|---|
| Title | ***SANCHEZ v. FCA US, LLC*** | | |

recovery to payments actually made is consistent with the logic and purpose of the Song-Beverly Act to make the consumer whole.")

Here, Plaintiff leased the vehicle on March 12, 2018 for 74 monthly payments of $703.50, beginning April 26, 2018. (Sales Contract, Proudfoot Decl. Ex. A, ECF No. 4.) Defendant presents no facts regarding how many payments were actually made on the installment contract, but even assuming that Plaintiff continued to make payments until the date she filed her Complaint, the amount recoverable after approximately 25 months would be under $18,000—less than half the full value of the vehicle.

Furthermore, under the Song-Beverly Warranty Act, a plaintiff's recovery is reduced by an amount corresponding to the plaintiff's use of the vehicle prior to the first repair. *See Tokmakova v. Volkswagen Grp. of Am., Inc.*, No. 12-04666 SJO (PJWx), 2012 WL 12952629, at *2–3 (C.D. Cal. Aug. 1, 2012). Defendant submits that Plaintiff had driven the vehicle 10,064 miles before the vehicle was first repaired. Thus, after factoring the use, the actual damages would be substantially lower than $18,000.

Defendant points out that Plaintiff also seeks a civil penalty. Indeed, Plaintiff's prayer for relief requests "a civil penalty as provided in Song-Beverly, in an amount not to exceed two times the amount of Plaintiff's actual damages." (Compl. 26, ECF No. 1-1.) However, because Defendant does not establish that the actual damages exceed $25,000, the actual damages and civil penalty combined would not meet the amount in controversy requirement. Even leaving aside the deduction in damages for use of the vehicle as described above, and assuming a compensatory damages award of $18,000, the addition of the civil penalty would only bring the amount in controversy in this case to $54,000.

Finally, Defendant notes that Plaintiff may be entitled to attorneys' fees if the action succeeds. While a reasonable estimate of attorneys' fees may contribute to the amount in controversy, *Brady*, 243 F. Supp. 2d at 1011, Defendant fails to provide a reasonable estimate for the present case. Defendant's Notice of Removal cites to a list of cases in which Plaintiffs' attorneys sought fees into the hundreds of thousands of dollars. (Def.'s Notice of Removal ¶ 29, ECF No. 1.) These cases fail to provide a reasonable estimate for potential attorneys' fees in the present case, however, particularly as Defendant fails to indicate whether the amount sought was actually awarded in any of those cases, or to explain how they resemble this one aside from involving the Song-Beverly Act. *See Alvarez v. Interstate Hotels, LLC*, No. 2:18-07684 SJO (KSx), 2019 WL 77133 (C.D. Cal. Jan. 2, 2019). Defendant's assertions regarding fees are therefore speculative.

Accordingly, the Court is not satisfied that Defendant has met its burden to show by a preponderance of the evidence that the amount in controversy reaches the jurisdictional threshold.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05119-RGK-AGR | Date | July 3, 2020 |
|---|---|---|---|
| Title | *SANCHEZ v. FCA US, LLC* | | |

In light of the foregoing, the action is hereby **REMANDED** to state court for all further proceedings.

**IT IS SO ORDERED.**

:

Initials of Preparer